BRIAN WILLIAMS,

        Plaintiff,

    v.

SGT. BEILKE, *et al.*,

        Defendants.

Case No. 25-cv-1687-pp

---

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE

---

Plaintiff Brian Williams, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

### I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 10, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $0.77. Dkt. No. 5. The court received that fee on December

1

9, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.      Screening the Complaint

### A.      Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

2

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.      The Plaintiff's Allegations

The plaintiff has sued Sgt. Beilke, Lt. Cook and Security Director J. Beck. Dkt. No. 1 at 1. He alleges that on June 19, 2025, while confined in Waupun's restrictive housing unit "for unrelated reasons," "it became apparent that false claims and accusations w[ere] alleged upon [him] by [defendant] Sgt. Beilke on 5/28/25 without the formal filing of []a conduct report nor a[n] incident report[.]"Id. at 2. Defendants Lieutenant Cook and Security Director J. Beck allegedly signed off on the plaintiff being subjected to the following three security precautions for thirty days: (1) surgical mask/spit mask; (2) "A back of cell/kneel down"; and (3) a two-man escort. Id. The plaintiff states that he never received notice of charges or accusations that would have warranted the restrictions. Id.

The plaintiff allegedly had to wear a surgical mask every time he left his cell, which caused anxiety, distress, humiliation and discomfort. Id. He says that the surgical mask gave him a reputation of spitting on correctional officers and staff, or at least threatening to do so. Id. The two-man escort allegedly was distressing, uncomfortable and humiliating, and it gave him the reputation of

3

being aggressive and combative. Id. at 3. The plaintiff states that every time he left his cell, he had to kneel for the application of restraints. Id. He says this caused pain to his knees as well as embarrassment and humiliation. Id. This restriction also allegedly harmed his reputation because it suggested that he was combative and aggressive. Id. As a result of the back-of-cell kneel restriction, the plaintiff allegedly lost the privilege of making telephone calls while he was subjected to the security precautions. Id.

The plaintiff alleges that it was stressful and exhausting trying to figure out how and why the security precautions were placed on him without a conduct report or incident report, and he says that he didn't violate any prison rules to warrant them. Id. at 3-5. The plaintiff alleges that he was subjected to the security precautions from May 28, 2025 through June 23, 2025, or for twenty-five days. Id. at 4.

The plaintiff asserts that he is suing each defendant in their individual capacity, for violating his rights under the Fourteenth and Eighth Amendments to the United States Constitution. Id. at 5. For relief, he seeks compensatory and punitive damages. Id. He also asks the court "to over see the Humiliation claim as it apply to this complaint & Defamation of character," and he mentions violation of Equal Protection. Id.

C.     Analysis

The plaintiff alleges that while confined in the restrictive housing unit for an unrelated issue, he was subjected to security precautions for twenty-five days that required him to follow certain restrictions when he left his cell. He had to kneel at the back of his cell so that restraints could be applied before he left his cell, he had to wear a surgical mask and he was subject to a two-man escort when he left the cell. The plaintiff states that he did not engage in any

conduct that warranted these restrictions. He appears to believe that he should have been issued a conduct report or incident report and received a disciplinary hearing before the defendants imposed the security precautions.

Incarcerated individuals "may not be deprived of life, liberty or property without due process of law." Jackson v. Anastasio, 150 F.4th 851, 857 (7th Cir. 2025) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). An incarcerated individual's cognizable liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). To establish a due process claim, the plaintiff must demonstrate: (1) the deprivation of a liberty interest; and (2) the procedures he was afforded were constitutionally deficient." Jackson, 150 F.4th at 857 (quoting Lisle v. Welborn, 933 F.3d 705, 720 (7th Cir. 2019)).

Assignment to segregation or solitary confinement can deprive an incarcerated person of a liberty interest that triggers due process protections. Id. at 858 (citing Sandin, 515 U.S. 472 (1995) and Wilkinson v. Austin, 545 U.S. 209 (2005)). But the plaintiff has not alleged that the defendants placed him in segregation or solitary confinement. Even if he had, thirty days of disciplinary segregation does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. at 586. The plaintiff has not sufficiently alleged that he was deprived of a liberty interest by being subjected to security restrictions for twenty-five days. See Williams v. Schultz, Case No. 22-cv-2, 2022 WL 3138903, at *2 (W.D. Wis. Aug. 5, 2022) (incarcerated individual did not state due process claim for allegedly being placed on three-man escort security restriction for six years); Collins Bey v. Jaeger, Case No. 22-cv-187, 2022 WL

5

5167801, at *3 (W.D. Wis. Oct. 5, 2022) (twenty-five day "back of cell" restriction not significant enough to create a liberty interest) (citing Hashim v. Hamblin, Case No. 14-C-1265, 2015 WL 5918637, at *3 (E.D. Wis. Oct. 9, 2015) (back-of-cell kneeling restriction, among other conditions, not enough to create liberty interest)).

The plaintiff also claims that the defendants violated his Fourteenth Amendment right to substantive due process. Substantive due process claims historically have been related to matters involving marriage, family, procreation and the right to bodily integrity. Albright v. Oliver, 510 U.S. 266, 271 (1994). "As a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this unchartered area are scarce and openended." Id. The plaintiff has not alleged anything that comes close to alleging a violation of substantive due process. His complaint does not allege violations of rights deeply rooted in the nation's history, such as the right to marry or the right to bodily integrity. Nor do his allegations invoke a liberty interest. The plaintiff has not stated a substantive due process claim.

The plaintiff claims that the defendants violated his rights under the Eighth Amendment. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citing Helling v. McKinney, 509 U.S. 25 (1993)). The alleged deprivation must be, objectively, "sufficiently serious[.]" Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The official also must act with deliberate indifference, that is, he must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial

6

risk of serious harm exists, and he must also draw the inference." Id. at 837. The plaintiff alleges that while confined in the restrictive housing unit at a maximum-security institution, the defendants unjustifiably approved additional security precautions on him for thirty days and that he was subjected to them for twenty-five days. These allegations do not meet either element of an Eighth Amendment claim. The plaintiff's complaint does not state a claim for violation of his rights under federal law.

The plaintiff mentioned "Equal Protection" at the very end of his complaint. But he not alleged sufficient facts to carry his "heavy burden" of showing that he was intentionally treated differently from other, similarly-situated people and that there was no rational basis for that treatment. FKFJ, Inc. v. Vill. of Worth, 11 F.4th 574, 588 (7th Cir. 2021) (citations omitted). He asks the court to oversee a "humiliation" claim; the court is unaware of any such cause of action, either in state or federal court. And the plaintiff asks the court to oversee his defamation claim. But defamation is a *state-court* cause of action, not a federal one. Because the court is dismissing the plaintiff's federal constitutional claims, there is a presumption that it will exercise its discretion to relinquish any federal jurisdiction over the single state-law claim. See RWJ Management Co., Inc. v. BP Products North American, Inc., 672 F.3d 476, 479 (7th Cir. 2012) (citations omitted).

Although the court usually permits civil plaintiffs at least one opportunity to amend their complaint, it need not do so where the amendment would be futile. See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3.d 768,

783 (7th Cir. 2015)). The plaintiff's complaint is thorough in its allegations of the facts surrounding his claim, so the court finds that further amendment would be futile. Because the plaintiff has not stated a claim for which this federal court may grant relief, the court must dismiss his complaint.

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$349.23** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment.

See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of May, 2026.

BY THE COURT:

_____

HON. PAMELA PEPPER
**Chief United States District Judge**

9